MEMORANDUM *
Joseph Cooper filed a claim under the Employee Retirement Income Security Act (“ERISA”) against his medical insurance provider, Premera Blue Cross (“Premera”), after its affiliate Calypso Healthcare Solutions (“Calypso”), sought and received reimbursement of benefits paid to Cooper. Premera claims it was entitled to the reimbursement under the group health insurance plan (the “Plan”) that governed Premera’s liability to Cooper.
The district court granted Premera’s motion for summary judgment, holding that Premera was entitled to recover PIP benefits paid to Cooper. We review that decision de novo, see Qwest Comm’ns, Inc. v. Berkeley, 433 F.3d 1253, 1256 (9th Cir.2006), and affirm the district court.
At the time he was injured, Cooper had PIP and UM coverage through his liability insurance carrier, Allied Insurance Company (“Allied”). He therefore sought payments from Allied under the PIP and UM policies. Allied initially denied Cooper’s PIP claim in July 2004, because the PIP policy did not cover injuries caused by ATVs.
Cooper later resubmitted his PIP claim to Allied, and in May 2005 Allied reversed its denial. As a result, Cooper received $10,000 (the PIP policy limit) for his medical expenses in June 2005, in addition to having his medical expenses paid directly and in full by Premera.
In addition to his Allied policies, Cooper received health insurance coverage from his employer pursuant to the Plan. After Allied denied his PIP claim, Cooper submitted a claim for benefits under the Plan, and Premera fully reimbursed Cooper’s medical providers.
The Plan includes an exclusion explaining that Premera will not cover medical expenses that are covered by third-party Personal Injury Protection (“PIP”) coverage (the “PIP exclusion”). The Plan provides that Premera has “the right to recover amounts [it] paid that exceed the amount for which [it is] liable,” and that Premera may recover these amounts from “the subscriber or any other payee, including a provider.” When read in the “ordinary and popular sense,” the Plan provides that Premera was liable for Cooper’s medical expenses, less any money he received for medical expenses from PIP policies. Cooper received $10,000 in PIP benefits and had all his medical bills paid by Prem-era. Accordingly, Premera paid $10,000 in excess of its liability. Premera was therefore justified in seeking reimbursement— first from Cooper, and, after he refused to pay, from his providers.
*640 Cooper argues that the PIP exclusion does not operate to exclude money paid by his PIP coverage provider. He instead argues that another Plan provision, which explains Premera’s liability when Uninsured (“UM”) and Underinsured (“UIM”) Motorist coverage apply (the “UM7UIM provision”), should apply. There is no basis for Cooper’s contention. Accordingly, we reject this argument.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.